UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LEO W. DESMOND, individually,

    Plaintiff,

v.

RESURGENT CAPITAL SERVICES, L.P.,
a foreign limited partnership,

    Defendant.
_____/

## COMPLAINT FOR VIOLATION OF 15 U.S.C. § 1692 *et seq.*
## JURY DEMAND

1. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). Defendant debt collector violated the FDCPA by sending its initial communication to Plaintiff, which failed to communicate the amount of the debt as required by law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant does business in this District.

## PARTIES

3. Plaintiff, LEO W. DESMOND ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Indian River County, Florida.

4. Defendant, RESURGENT CAPITAL SERVICES, L.P. ("Defendant"), is a foreign limited partnership, engaged in the business of collecting upon debts, and operating from offices located at 15 South Main Street, Suite 600, Greenville, South Carolina 29601

5. Defendant regularly uses the mail and telephone in a business, the principal purpose of which is the collection of consumer debts.

6. Defendant regularly collects or attempts to collect debts for itself and other parties; it is a "debt collector" as that term is defined in the FDCPA; furthermore, in its written communication with Plaintiff (referenced in allegations 9-10), Defendant states that it is a "professional debt collector."

7. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

8. Defendant sought to collect an alleged debt from Plaintiff arising from an alleged Chase Bank USA, N.A. credit card debt incurred by Plaintiff for personal, family or household purposes such as the purchase of clothing, groceries and travel-related expenses.

9. Plaintiff alleges that the debt at issue was in default at the time it was assigned, purchased, or otherwise acquired by Defendant.

10. On April 13, 2011, Defendant sent Plaintiff its first communication with respect to the aforementioned debt.

11. A copy of said communication is attached hereto as Exhibit "A".

12. Under 15 U.S.C § 1692g(a)(1), a debt collector shall:

*Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—*

*(1) the amount of the debt…*

13. Defendant failed to communicate the amount of the debt within five days of its initial communication with Plaintiff; to date, Defendant has failed to communicate the amount of the debt to Plaintiff.

14. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 130 S.Ct. 1605 (U.S. April 21, 2010).

## COUNT I
## FAILURE TO PROPERLY NOTIFY PLAINTIFF OF HER FEDERAL RIGHTS UNDER 15 U.S.C. § 1692g(a)(1)

15. Plaintiff incorporates Paragraphs 1 through 14.

16. Within five (5) days of its initial communication with Plaintiff, Defendant failed to inform Plaintiff as to the amount of the debt in violation of 15

3

U.S.C § 1692g(a)(1).  *See generally, Miller v. McCalla*, 214 F.3d 872 (7th Cir. 2000).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of the instant suit; and

    c.    Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

Dated this 20th day of July, 2011.

SCOTT D. OWENS, ESQ.
*Attorney for Plaintiff Leo W. Desmond*
2000 E. Oakland Park Blvd., Suite 106
Ft. Lauderdale, FL 33306
Telephone: 954-306-8104
Facsimile: 954-337-0666
scott@scottdowens.com

By: *s/ Scott D. Owens*
Scott D. Owens, Esq.

Florida Bar No. 0597651

5